# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
June 2, 2004 Session

## STATE OF TENNESSEE v. GREGORY ROBINSON

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 97-13179-80    James C. Beasley, Jr., Judge**

---

**No. W2001-01299-SC-R11-DD - Filed September 28, 2004**

---

ADOLPHO A. BIRCH, JR., J., concurring and dissenting.

I concur in the conclusion of the majority that Robinson's convictions should be affirmed. As to the sentence of death, however, I continue to adhere to my views, previously expressed in a long line of dissents, that the comparative proportionality review protocol currently embraced by the majority is inadequate to shield defendants from the arbitrary and disproportionate imposition of the death penalty. See Tenn. Code Ann. § 39-13-206(c)(1)(D) (1995 Supp.). I have repeatedly expressed my displeasure with the current protocol since the time of its adoption in State v. Bland, 958 S.W.2d 651 (Tenn. 1997). See State v. Davis, ___ S.W.3d ___, ___ (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Berry, ___ S.W.3d ___, ___ (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Holton, 126 S.W.3d 845, 872 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Davidson, 121 S.W.3d 600, 629-36 (Tenn. 2003) (Birch, J., dissenting); State v. Carter, 114 S.W.3d 895, 910-11 (Tenn. 2003) (Birch, J., dissenting); State v. Reid, 91 S.W.3d 247, 288-89 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. Austin, 87 S.W.3d 447, 467-68 (Tenn. 2002) (Birch, J., dissenting); State v. Stevens, 78 S.W.3d 817, 852 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. McKinney, 74 S.W.3d 291, 320-22 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. Bane, 57 S.W.3d 411, 431-32 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Stout, 46 S.W.3d 689, 720 (Tenn. 2001) (Birch, J., concurring and dissenting); Terry v. State, 46 S.W.3d 147, 167 (Tenn. 2001) (Birch, J., dissenting); State v. Sims, 45 S.W.3d 1, 23-24 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Keen, 31 S.W.3d 196, 233-34 (Tenn. 2000) (Birch, J., dissenting). As previously discussed, I believe that the three basic problems with the current proportionality analysis are that: (1) the proportionality test is overbroad,[1] (2) the pool of cases used for comparison is inadequate,[2] and (3) review is too

---

[1] I have urged adopting a protocol in which each case would be compared to factually similar cases in which *either* a life sentence or capital punishment was imposed to determine whether the case is more consistent with "life" cases or "death" cases. See State v. McKinney, 74 S.W.3d at 321 (Birch, J., concurring and dissenting). The current

(continued...)

subjective.[3]  I have previously discussed, in depth, my perception that these flaws undermine the reliability of the current proportionality protocol.  See State v. Godsey, 60 S.W.3d at 793-800 (Birch, J., concurring and dissenting).  I continue to adhere to my view that the current comparative proportionality protocol is woefully inadequate to protect defendants from the arbitrary or disproportionate imposition of the death penalty.[4]

But beyond the foregoing, which addresses proportionality review in general, the number of participants in this offense and the wide disparity in the sentences imposed in this case invite a yet more specific scrutiny.  Of the four others prosecuted for this offense, only Robinson received the death penalty.  Prentiss Phillips was convicted of first-degree murder and especially aggravated kidnapping and received sentences of life without parole for the murder, plus twenty-five years, respectively.[5]  See State v. Phillps, 76 S.W.3d 1 (Tenn. Crim. App. 2001), perm. app. denied (Tenn. 2001).  Antonio Jackson was convicted of facilitation of first-degree murder and especially aggravated kidnapping and received sentences of twenty-five years on each of those offenses, to be served consecutively.  See State v. Jackson, 52 S.W.3d 661 (Tenn. Crim. App. 2001), perm. app. denied (Tenn. 2001).  Kevin Wilkins' conviction for first-degree murder (and life without parole sentence) was reversed on appeal for insufficient evidence, leaving him with a single conviction for especially aggravated kidnapping, although it is evident from the testimony in this record that he was the person who actually fired the fatal shots into Vernon Green's body.  See State v. Kevin Wilkins,

---

[1](...continued)
protocol allows a finding proportionality if the case is similar to existing *death penalty* cases.  In other words, a case is disproportionate only if the case under review "is plainly lacking in circumstances consistent with those in similar cases in which the *death penalty* has been imposed."  Bland, 958 S.W.2d at 665 (emphasis added).

[2]In my view, excluding from comparison that group of cases in which the State did not seek the death penalty, or in which no capital sentencing hearing was held, frustrates any meaningful comparison for proportionality purposes. See Bland, 958 S.W.2d at 679 (Birch, J., dissenting).  This case, in particular, is a prime example of the arbitrariness of this protocol.

[3]As I stated in my concurring/dissenting opinion in State v. Godsey, "[t]he scope of the analysis employed by the majority appears to be rather amorphous and undefined–expanding, contracting, and shifting as the analysis moves from case to case."  60 S.W.3d 759, 797 (Tenn. 2001)(Birch, J., concurring and dissenting).

[4]I also note that in a recent study on the costs and the consequences of the death penalty conducted by the State Comptroller, one of the conclusions was that prosecutors across the state are inconsistent in their pursuit of the death penalty, a fact that also contributes to arbitrariness in the imposition of the death penalty.  See John G. Morgan, Comptroller of the Treasury, Tennessee's Death Penalty:  Costs and Consequences 13 (July 2004), *available at www.comptroller.state.tn.us/orea/reports*.

[5]As noted by the Court of Criminal Appeals in its unredacted opinion, the State also sought the death penalty against Phillips, making it a prime case for comparison, even under the standards of Bland.  State v. Gregory Robinson, No. W2001-01299-CCA-R3-DD at pp. 52-53 (Tenn. Crim. App. at Jackson, Aug. 13, 2003).

No. W1999-01462-CCA-MR3-CD (Tenn. Crim. App. at Jackson, Aug. 18, 2000), perm. app. denied (Tenn. 2001).[6]

Of course, a death sentence for one defendant is not rendered arbitrary, excessive or disproportionate merely because another defendant in the same case has received a sentence less than death.[7] But here, the arbitrary nature of the sentencing process becomes strikingly manifest. Thus, I am constrained to wholeheartedly agree with the conclusion reached by the Court of Criminal Appeals–that no rational basis exists to distinguish Robinson's sentence of death from the lesser sentences imposed upon the other defendants. Accordingly, I deem Robinson's sentence to be arbitrary, excessive, and disproportionate.

In light of the foregoing, I respectfully dissent from that portion of the majority opinion that affirms the imposition of the death penalty upon Gregory Robinson and concur in the affirmance of his convictions.

_____

ADOLPHO A. BIRCH, JR.

---

[6] The disposition of Jarvis Shipp's case is unknown, although there is evidence in the record that he was testifying against this defendant in the hope of receiving a favorable plea bargain, presumably for something more favorable than the death penalty. See Majority Opinion, slip op. at 19-20.

[7] See, e.g., State v. Burns, 979 S.W.2d 276, 285 (Tenn. 1998); State v. Cauthern, 967 S.W.2d 726, 741 (Tenn. 1998).